UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS RODRÍGUEZ, IBRAHIM CENTENO HERNÁNDEZ, CARLOS NEGRÓN SIERRA AND JOSÉ GARCÍA,<br><br>Plaintiffs,<br><br>v.<br><br>AUTOPISTAS METROPOLITANAS DE PUERTO RICO LLC, ABERTIS INFRAESTRUCTURAS, S.A. GOLDMAN SACHS REALTY MANAGEMENT LLC, GILA LLC, KAPSCH TRAFFICCOM USA, INC. AND JOHN DOE'S 1-50,<br><br>Defendants. | CASE:<br><br>CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

**CLASS ACTION COMPLAINT**

TO THE HONORABLE COURT:

COME NOW Plaintiffs Carlos Rodríguez, Ibrahim Hernandez, Carlos Negron Sierra and José García, on behalf of themselves and all others similarly situated, and through the undersigned attorney allege the following based on personal knowledge as to the allegations about themselves and, as to all other matters, based on the investigation of Plaintiff's counsel, including the review of the AutoExpreso fines, billing statements, correspondence, news releases and articles, public statements, and public complaints concerning the facts and issues alleged in this Complaints.

## <u>INTRODUCTION</u>

1.      Plaintiffs brings this action on behalf of themselves and a Class of all similarly situated individuals and entities who have been charged fifty (50) dollars in fees and penalties as a result of using the AutoExpreso toll systems, instead of the fifteen (15) dollars established by the Law that regulates them.

2.     In 2012, AutoExpreso became the exclusive form of payment on most of Puerto Rico's tollways. Toll booths have been dismantled and drivers are no longer able to pay cash at the crossings.  Instead, cameras mounted onto overhead frames collect the tolls using AutoExpreso pass.  The tolls are then charged to the drivers AutoExpreso account.

3.     However, Defendants - - who operate those systems and collect tolls from drivers - - have used the cashless toll system to line their own pockets at the expense of drivers, primarily by collecting improper fees and penalties, in addition to collecting the tolls.  The Defendants fined citizens for violations to the law with disregard of the law itself.  Article 22.02 of Vehicle and Traffic Law of Puerto Rico, Law 22-2000 (9 L.P.R.A. sec. 5001 et seq.) in its second paragraph clearly states that *"Any person who violates the provisions of this Article, excluding the provisions of subsection 1 (b), will incur an administrative fault and will be punished with a fine of fifteen (15) dollars for each infraction plus the payment of the toll not paid.* corresponding to each infraction."* However, defendants have been fining citizens fifty (50) dollars instead of the fifteen (15) dollars recognized in the law. They have also been doing so without giving them due process as they have repeatedly fined citizens without following the notification process stated in Article 23.08 (C) of the Vehicle and Traffic Law of Puerto Rico, supra.

4.     Compounding the problem, Defendants frequently impose these exorbitant charges without giving prior notice to the drivers and Defendants often wait weeks before notifying the drivers about the charges, which leads to more and more charges.

5.     Defendants also aggressively pursue collection efforts against motorists, threatening them with, revocation of their vehicle registration if they do not pay the fees and penalties.

6.     Each defendant has a strong financial incentive to pursue these improper fees and to collect as much as possible from drivers because of secret agreements between the Defendants to split among themselves the amounts they collect. Each defendant gets a percentage of the money collected from the diver.

7.      Defendants' scheme has resulted in tens of millions of dollars in improper charges on motorists and frequently results in individual drivers being charged hundreds or thousands of dollars in improper fees.

8.      Carlos Rodríguez, Ibrahim Hernandez and Carlos Negron Sierra, the Plaintiff in this action, are drivers in the commonwealth of Puerto Rico, as alleged below, Defendants have imposed these fees even before notifying Plaintiff about them or giving them a reasonable chance to avoid the fees.

9.      Thousands of motorists have been unfairly and improperly subjected to Defendants' excessive fines and fees.

10.     In addition to imposing excessive and devastating financial penalties, Defendants' aggressive enforcement efforts have resulted in users losing their vehicle registration and with that their mode of transportation.

11.     On behalf of himself and the members of the Class, Plaintiff seeks injunctive relief, declaratory relief, actual and statutory and punitive damages, and his attorney's fees and costs.

## VENUE AND JURISDICTION

12.     This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005 28 U.S.C. §1332 (d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interests and costs. Furthermore, Defendant Abertis Infrastructuras is a non-US corporation organized and existing under the laws of Spain.

13.     This Court also has jurisdiction of this matter pursuant 28 U.S.C. §1331 because the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  Further, this Court has jurisdiction under 15 U.S.C. §1692 k (d) and has jurisdiction over the state law claims by supplemental jurisdiction under 28 U.S.C. § 1367.

14.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because Defendants are subject to personal jurisdiction here, regularly conduct business in this District, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## PARTIES

15.     Plaintiffs Carlos Rodríguez, Ibrahim Hernandez, Carlos Negron Sierra and José García are adults, citizens and resident of Guaynabo, Salinas, Barranquitas and Añasco, Puerto Rico, respectevely, who were unlawfully fined multiple times for infractions to article 22.02 of Vehicle and Traffic Law of Puerto Rico, supra.

16.     Defendant Autopistas Metropolitanas de Puerto Rico LLC is a limited liability corporation organized and existing under the laws of the Commonwealth of Puerto Rico, with principal place of business located City View Plaza I Suite 500 Road 165 No. 48 Guaynabo, PR 00968. Autopistas Metropolitanas de Puerto Rico LLC is part of the consortium that manages and runs the AutoExpreso System in some of the highways of Puerto Rico. Directly and through his agents, has substantial contacts with, and receives substantial benefits and income from its locations in the Commonwealth of Puerto Rico.

17.     Defendant Abertis Infraestructuras S.A. is a foreign Non- US corporation organized and existing under the laws of Spain, with principal place of business at American International Plaza 250 Muñoz Rivera 14th Floor San Juan, PR 00918. Abertis Infraestructuras S.A. is part of the consortium that manages and runs the AutoExpreso System in some of the highways of Puerto Rico. Directly and through his agents, has substantial contacts with, and receives substantial benefits and income from its locations in the Commonwealth of Puerto Rico.

18.     Defendant Goldman Sachs Realty Management LLC is a foreign corporation organized and existing under the laws of the State of Delaware, with principal place of business at 361 San Francisco Street 4th Floor San Juan, PR 00901. Goldman Sachs Realty Management LLC is part of the consortium that manages and runs the AutoExpreso System in some of the highways

of Puerto Rico. Directly and through his agents, has substantial contacts with, and receives substantial benefits and income from its locations in the Commonwealth of Puerto Rico.

19.      Defendant Gila LLC is a foreign corporation organized and existing under the laws of the State of Texas, with principal place of business at FGR Corporate Services, Inc. Oriental Center, Suite P1, 254 Muñoz Rivera Avenue San Juan, PR 00918. Gila LLC administers the collection of tolls under Puerto Rico Highway and Transport Authority (PRHTA) and Metropistas. Directly and through his agents, has substantial contacts with, and receives substantial benefits and income from its locations in the Commonwealth of Puerto Rico.

20.      Defendant Kapsch TrafficCom USA, Inc, is a foreign corporation organized and existing under the laws of the State of Delaware, with principal place of business at 361 San Francisco Street 4th Floor San Juan, PR 00901. Kapsch TrafficCom USA, Inc, is the main supplier of equipment and maintenance for electronic toll collection.   Directly and through his agents, has substantial contacts with, and receives substantial benefits and income from its locations in the Commonwealth of Puerto Rico.

21.      The true names and capacities of Defendants DOES 1 through 50, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiffs will amend their Complaint to allege said Roe Defendants' true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and based upon such information and belief alleges that each defendant designated herein is responsible in some actionable manner for the occurrences and injuries alleged herein.

22.      At all times herein mentioned, Autopistas Metropolitanas de Puerto Rico LLC, Abertis Infraestructuras S.A., Goldman Sachs Realty Management LLC, Gila LLC, Kapsch TrafficCom USA, Inc.,  and each of them, were an owner, a co-owner, an agent, representative, partner, and/or alter ego of each other, or otherwise acting on behalf of each and every remaining defendant, and in doing the things hereinafter alleged, were acting within the course and scope of their authorities as an owner, a co-owner, an agent, representative, partner, and or alter ego of its

co-Defendants, with the full knowledge, permission and consent of each and every remaining co-Defendant, each co-defendant having ratified the acts of the other co-defendants.

23.     The exact role of each Defendant as pertains to the instant case is known only to the Defendants.

24.     Each Defendant acted with full knowledge of the actions of the other Defendants and in doing so, ratified the conduct of the other Defendants.

25.     When in this Complaint reference is made to any act of Defendants, such shall be deemed to mean that officers, directors, agents, employees, or representatives of the Defendant named in this lawsuit committed or authorized such acts or failed and omitted to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of the Defendant and did so while acting within the scope of their employment.

## FACTUAL ALLEGATIONS

26.     Years ago, when drivers traveled through a highway in the Commonwealth of Puerto Rico they would pay a cash toll to a toll collector.

27.     In the year 2003 the Puerto Rico Highway and Transport Authority (PRHTA), began to change the toll plazas in the Commonwealth of Puerto Rico to a cashless system of collection tolls with the AutoExpreso electronic payment lane system.

28.     In 2011, AutoExpreso was first established in tolls located in Caguas North, Caguas South, Guayama, Ponce and Salinas's highways.

29.     In February 4, 2015, Puerto Rico Highway and Transport Authority (PRHTA), entered into a contract with GILA to administers the collection of tolls under Puerto Rico Highway and Transport Authority (PRHTA) and Metropistas.

30.     Now, there are 33 toll plazas and 121 toll lanes throughout the island.

31.     Highways PR-22 and PR-5 toll roads have 11 toll plazas and 38 toll lanes which are subject to a concession contract with the Autopista Metropolitanas de Puerto Rico LLC.

32.     During the past months Defendant Autopista Metropolitanas de Puerto Rico LLC. started to change the toll plazas of highways PR-22 and PR-5 for a more modern toll collection system.  With the electronic lane system, when a car passes through a cashless toll, if the car has an AutoExpreso tag mounted to their vehicle's windshield, the system's antenna records the information about the car and processes a charge for the toll. The car owner's AutoExpreso account is then charged for the toll.

33.     For vehicles that have AutoExpreso, the customer can choose to link his AutoExpreso account to the customer's bank account or credit card. When the AutoExpreso account balance is low, the customer's bank account or credit card is automatically charged to reload the AutoExpreso account.

34.     If the vehicle is not linked to a bank account or a credit card, the customer can reload his AutoExpreso account manually adding money to his account whenever the balance is low or they could use a MovilCash card if they do not have a tag mounted in their vehicles.

35.     The AutoExpreso account is reloaded by going through the recharged lane at the toll station and paying the amount the customer wishes to add to the account.

36.     This lane is open from 6:00 am to 10:00 pm Monday through Friday and from 8:00 am to 10:00 pm on weekends.

37.     However, Defendant Autopista Metropolitanas de Puerto Rico LLC. has reduced the recharging lanes to one in several toll plazas and eliminated the indicative traffic lights of low balance in the accounts of AutoExpreso customers.

38.     AutoExpreso electronic system was created to eliminate long lines to toll booths which would save time, allowing drivers to reach their destination with greater comfort and speed.

39.     Nonetheless, the recent changes to the electronic system and the reduction of lanes with the indicative traffic light of low balance has caused confusion in countless drivers who travel daily through these routes, because they do not know if they have the balance to cover the cost of the tolls for which they are traveling. A vehicle can unknowingly travel without balance through

Class Action Complaint for Damages                                                                                  7

more than one toll the same day, which would multiply the administrative fine that the customer would receive and cause a negative economic impact on the customer.

40.     Defendants have turned the AutoExpreso system into a profit center that imposes unfair and improper charges on drivers who use Puerto Rico's bridges and highways imposing fees and penalties substantially higher than that of the tolls.

## DEFENDANTS ASSESSED MASSIVE FEE AND PENALTIES ON PLAINTIFF AND THE CLASS

41.     It wasn't until fairly recently that Plaintiffs Carlos Rodríguez, Ibrahim Hernandez, Carlos Negron Sierra and José García began having significant problems with their AutoExpreso tag or account or with any of the charges they received from using the tolls in the Commonwealth of Puerto Rico.

42.     However, during the course of the year 2018 Plaintiffs Carlos Rodríguez, Ibrahim Hernandez, Carlos Negron Sierra and José García began to receive notice from Defendants indicating that tolls had not been paid, and assessing charges for those tolls as well as a penalty of fifty (50) dollars for each unpaid toll.

43.     Defendants repeatedly assessed a fifty (50) dollars fee on Plaintiffs Carlos Rodríguez, Ibrahim Hernandez and Carlos Negron Sierra, even when the underlying toll charge was relatively small and even when he paid the underlying charge for the toll.

44.     Plaintiff Carlos Rodriguez has to renew his car registration by the end of the month of August 2018, he will likely not be able to do so due to his outstanding fines.

45.     Plaintiff Ibrahim Centeno Hernandez vehicle registration expires in the month of September and will likely not be able to renew it due to the fines he has outstanding.

46.     Plaintiff Carlos Negron Sierra was denied the renewal of his vehicle registration because of the outstanding debt due to the penalties and fines. He was given a provisional license while he undergoes the review process that he started for the fines he was given.

47.     Plaintiff José García has been unable to renew the registration on one of his vehicles and will likely not be able to renew the vehicle registration for his second car due to his outstanding fines.

## THE AUTOEXPRESO CONTRACT

48.     Plaintiffs and members of the Class signed up for and held AutoExpreso through Defendant and their affiliates.

49.     As to the named Plaintiffs, the AutoExpreso account was opened and the tolls were incurred primarily for personal, family and household purposes, bringing the Defendants' collection activities within the purview of the Commonwealth of Puerto Rico.

50.     At the time of account creation, Plaintiff was presented with Defendants' Terms and Conditions, which contained the following provisions:

YOU MUST ACKNOWLEDGE SOME AUTOEXPRESO USAGE REQUIREMENTS

1. You agree to use your tag solely to perform transactions at designated and approved facilities. If you have questions regarding how and/or where you can use your tag, please contact the Customer Service Center (CSC).

2. You agree to install, display, and use your tag in accordance with the tag installation instructions received with your kit. Failure to install your tag properly may cause your tag not to read properly and result in toll violations, and up to the suspension of your account. If failure to properly install the tag results in a toll violation, you are subject to the full toll amount and possible violation fines when applicable. If you suspect that your tag is not working properly contact the CSC immediately.

3. You agree not to proceed through any lane if the lane is designated as closed.

AUTOEXPRESO FINES AND CHARGES (SUBJECT TO CHANGE)

1. The cost to obtain your tag is $20.00, which includes $10.00 for tag activation and a minimum payment $10.00 for balance into your account (you can elect to pay more than this initial $10.00 minimum into your account when you obtain your tag). This cost is applicable to all additional tags purchased, including tag replacements. Headlamp tags are also available at CSC in Metro Office Park and participating CESCOs for the same cost.

2. The PRHTA assumes that AutoExpreso users open accounts to use them.

3. The PRHTA will deduct administrative costs (rejected payment cost, etc.) from your account balance if and when you incur them.

4. Current fines and costs (both subject to change):

| Occurrence | Fines and Costs (dollars) |
|---|---|
| **Cost of activation per tag** | **$10.00** |
| **Minimum initial account prepayment** | **$10.00 minimum)** |
| **Minimum manual replenishment** | **$5.00** |
| **Minimum automatic replenishment** | **$10.00** |
| **Administrative fine for speeding in the AutoExpreso lanes** | **$15.00** |
| **Violation fine for insufficient account funds** | **$15.00** |
| **Violation fine for no tag in vehicle** | **$50.00** |
| **Mailed monthly statement cost** | **$2.00** |
| **Administrative cost for rejected bank account payment.** | **$25.00** |
| **Tolls** | **Per toll schedule** |

1. Your account balance could be reduced for:

• The applicable toll each time a tag or a vehicle registered in your account is used in a toll

lane.

• Any other costs chargeable under this Agreement or that you expressly agree to.

2. You remain fully responsible for all charges arising from the use of the tag or vehicle until you have notified the CSC that the tag and vehicle should no longer be used for toll collection (i.e. has been sold, lost. stolen, tag broken, or account closed).

3. You agree to pay all costs, including attorney costs, incurred by the CSC in enforcing this Agreement.

4. If, for any reason, your account balance is insufficient to pay any amounts owed to the CSC, you will remain liable to the CSC for such amounts plus any violation fines that may be incurred.

5. You may be charged a fee for any request to retrieve a statement previously provided

AUTOEXPRESO VIOLATIONS

The vehicle owner is liable for violations to the system.

The AutoExpreso system will generate violation notices for every vehicle that travels through an AutoExpreso lane without a successful toll payment. If this event occurs, the cameras in the lane will take a picture of the license plate of the vehicle and the vehicle owner will receive a violation notice.

If a violation occurs due to insufficient AutoExpreso account funds, you may be subject to a violation fine as referenced in Public Law 22 of January 7, 2000 Article 23.06 (c) 1. (Vehicle and Traffic Law) of $15.00, as well as the cost of the toll, unless your account funds are replenished within 72 hours of committing the violation and the replenishment amount covers the amount of the toll owed.

If a violation occurs to a vehicle that is not authorized to use the AutoExpreso lanes, meaning that it doesn't have a tag assigned in the system, you may be subject to a violation fine as referenced in Public Law 22 of January 7, 2000 (Vehicle and Traffic Law) of $50.00, as well as the cost of the toll, unless you can prove otherwise and appeal the violation fine within 30 days.

If a violation occurs due to the vehicle going through an AutoExpreso lane in excess of the speed limit stated on the same, you may be subject to a violation fine as referenced in Public Law 22 of January 7, 2000 Article 23.06 (c) 1. (Vehicle and Traffic Law) of $15.00, unless you can prove otherwise and appeal the violation fine within 30 days.

If you receive a violation notice we recommend you to contact Customer Service Center (CSC) immediately to obtain information about paying and/or appealing the violation if it applies.

Violations can occur if:

    a.  Your account does not have sufficient funds.
    b.  Your account is cancelled or disabled and/or your tag is inactive, cancelled or reported as lost/stolen.
    c.  Your account has been suspended for speeding violations.
    d.  Your tag is used in a vehicle not authorized for use for the AutoExpreso program.
    e.  Your tag is not properly installed or is improperly used.
    f.  The vehicle goes through the tolling point in excess of the maximum speed established for the same.

You agree to obey all Government and local traffic rules and regulations. Non-compliance may result in suspension, administrative fines or revoked AutoExpreso privileges. The Puerto Rico Highway and Transport Authority's (PRHTA) commitment to employee and patron safety requires that we strictly enforce the speed limits posted in the toll lanes. Do not speed in AutoExpreso lanes.

Class Action Complaint for Damages                                    11

AutoExpreso reserves the right to register information in your account, either partially or completely, including the vehicle information, using the information obtained from transactions occurred at the AutoExpreso lanes and/or the Puerto Rico Highways and Transportation Authority. AutoExpreso also reserves the right to debit from your account balance for unpaid tolls and/or violations fines.

TERMINATION

1.    The PRHTA may terminate this agreement at any time.
2.    You may terminate this agreement at any time by giving the PRHTA written notice of termination.

In either case, The AutoExpreso Account would be terminated and the tags associated with such account would no longer be a valid for toll transactions.

## DEFENDANTS ASSESS EXCESSIVE FINES WHEN THEY REGISTER A VIOLATION BY AN AUTOEXPRESO USER

51.    If Defendants' AutoExpreso scanning equipment does not read an AutoExpreso tag, or if an AutoExpreso account is not adequately funded due to an expired or cancel credit card or due to lack of notification of low funds, Defendants immediately begin to assess fines and penalties.

52.    If the driver somehow "knows" that they had committed an AutoExpreso toll violation, they cannot pay toll voluntarily using Defendants' website because there is a long lag in time between when the toll violation occurs and when Defendants first post information about it on their website.

53.    As alleged above, at all relevant times, Defendants have assessed a fee of fifty (50) dollars per trip on top of the toll payment.

54.    The fees charged by Defendants are governed by statute, "Vehicle and Traffic Law of Puerto Rico, Supra Chapter 22 of the Law 22-2000 regulates the Toll Roads and Limitations to Its Use. Section 22.02 regulates the stop at toll collection stations; payment in AutoExpreso stations and payment of rights.

55.    The statute on Chapter 22 §22.02 (c) establishes a fine of fifteen (15) dollars for each infringement, plus the payment of the toll not paid corresponding to each infraction.

56.     The "fee" charged by Defendants is not, as required by the Commonwealth of Puerto Rico law, reasonably related to the actual cost of collecting the unpaid toll. Moreover, in the case of multiple violations against the same driver, Defendants charge fifty (50) dollars per violation. As a result, an AutoExpreso user can end up with hundreds or thousands of dollars in fee in a short time.

57.     On April 29, 2017, the Governor of Puerto Rico passed a law which amended the statute known as Vehicle and Traffic Law of Puerto Rico, *supra,* with the purpose of rectifying said statute and complying with the Fiscal Plan for the Government of the Commonwealth of Puerto Rico certified by the Fiscal Control Board under the Federal statute PROMESA.

   a.     With this amendment, the Government seeks to raise funds for the FISCO/ Treasury by increasing the fines paid for infractions to the Vehicle and Traffic Law of Puerto Rico, Supra.

58.     Among other things, Statute 24-2017 amended Section 23.08(c)(1) of the Vehicle and Traffic Law of Puerto Rico, Supra. This amendment established that when a customer travels through a toll without balance or when the electronic tag is not read, the customer has a time frame of 120 hours from the infraction to make a payment for the toll, otherwise a fine of fifty (50) dollars would be issued.

59.     It should be noted that even when §23.08(c)(1) of the law was amended, §22.02(c) was never amended nor abolished.

60.     This amendment occurred when the Defendant charging tolls was questioned due to deficiencies in its execution and alleged illegal charges to users, the reason for which investigations were conducted in the Senate and the House of Representatives of Puerto Rico.

61.     Driving through an AutoExpreso lane without a balance is not a reckless action that justifies being penalized with such a high pecuniary cost.

62.     Such civil fines and penalties are unconstitutional, unreasonable, unconscionable, and illegal and in no way related or proportional to the toll incurred by using the roadway.

## DEFENDANTS ALLOW NO REASONABLE OPPORTUNITY TO DISPUTE OR TO CURE

63.     After a purportedly missed toll, Defendants are supposed to send an invoice via electronic mail or text message to the email or phone number of the registered owner of the vehicle, if available, requesting payment of the toll and fee.

64.     Defendants make no effort to determine whether the toll violator has a registered AutoExpreso account that is available to pay the account holder's tolls. As a result, Defendants charge Class members for unpaid toll due to the equipment failure that is not the fault of the Class members even if they have AutoExpreso accounts from which tolls can be paid.

65.     Defendants also charge Class members with AutoExpreso accounts with expired or canceled credit cards for unpaid tolls, including fees and penalties, without notifying the Class members of the expired or canceled card. Further, when a Class member updates his or her account with new credit card information, even if that happens in a matter of days, unpaid tolls are not charged to the account and instead, Defendants pursue unconscionable and unconstitutional amounts of fees and expenses from the Class members.

66.     When a customer travels through a toll without balance or when the electronic tag is not read, the customer has a time frame of 120 hours from the infraction to make a payment for the toll, otherwise, a fine would be issued.

67.     The challenge of the notification service provided by the Defendants related to tolls with electronic tags is that, at this time, although there are mechanisms in law for the user to know the balance of their account, they are not accessible.

68.     As discussed below, Defendants ignore consumers' attempts to dispute the existence of, or amount of, purported toll violations and/or the fees and fines associated with them.

## CLASS ACTION ALLEGATIONS

69.     Plaintiffs bring this suit as a class action on behalf of themselves and on behalf of other similarly situated persons pursuant to Fed.R.Civ.P.23(a), 23(b)(2), and/or 23(b)(3). Subject

to additional information obtained through further investigation and/or discovery, the foregoing definition of the Classes may be expanded or narrowed. The proposed Classes are defined as follows:

70.    **Class:** All persons who were fined fifty (50) dollars instead of the fifteen (15) dollars recognized in Article 22.02 of the Vehicle and Traffic Law of Puerto Rico, supra, and who were not given due process as they were fined without following the notification process stated in Article 23.08 (C) of the Vehicle and Traffic Law of Puerto Rico, supra within the applicable statutory limitations period, including the period following the filing date of this action.

71.    Plaintiffs reserve the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

72.    Excluded from the Classes are (1) Defendants, Defendants' subsidiaries, affiliates, officers, directors, assigns and successors, and any entity which Defendants have a controlling interest; (2) the Judge to whom this case is assigned and any member of the judge's immediate family.

73.    **Numerosity**:  The members of the Classes are so numerous that joinder of all members is impracticable.  Plaintiff reasonably believes that the Classes are comprised of hundreds of drivers throughout Puerto Rico and the rest of the continental United States of America who visited Puerto Rico.

74.    **Commonality**: Plaintiff's claims are typical of the claims of the Class that he seeks to represent in that the representative Plaintiff, like all Class members, was assessed illegitimate fees and fines by Defendants. The representative Plaintiff, like all class members, has been damaged by Defendants misconduct in that Defendants have assessed unfair and unconscionable charges against him. Furthermore, the factual basis of Defendants' misconduct is common to all Class members and represents a common thread of unfair and unconscionable conduct resulting in injury to all members of the class.

75.     **Predominance:** These common questions predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

      a.   Whether Defendants are liable for the claims alleged in this Complaint;

      b.   Defendants have been unjustly enriched; and

      c.   Plaintiff is entitled to injunctive relief and changes, including actual statutory, punitive and treble damages.

76.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, as they arise out of the same wrongful policies and practices by Defendants. Plaintiff has suffered the harm alleged and has no interests antagonistic to the interest of any Class members. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent members of the Class.

77.     **Adequacy:** Plaintiff is committed to vigorously prosecuting this action and has retained competent counsel experienced in prosecuting class actions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

78.     **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of his controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Defendants, no class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a Class member will continue to suffer losses and Defendants' misconduct will proceed without remedy.

79.     Even if members of the Class themselves could afford such individual litigation, the court system could not.  Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court.

80.     By contrast, the class action device presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of

bringing individual lawsuits, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION

### (Declaratory Relief Under 28 U.S.C. § 2201 and Injunctive Relief)

81.        Plaintiffs and the Class adopts by reference each and every paragraph of this Complaint as if fully copied and set forth at length herein.

82.        All users of AutoExpreso enter into a contract by which AutoExpreso provides a transponder to Plaintiff and the class and Plaintiff and the Class agree to pay tolls as registered by the transponder in accordance with AutoExpreso's terms of service.

83.        Accordingly, all transactions that are the subject of this Complaint are possessed of the three elements of a contract, i.e., offer, acceptance, and consideration.

84.        Article 22.02 of Vehicle and Traffic Law of Puerto Rico, Law 22-2000 (9 L.P.R.A. sec. 5001 et seq.) in its second paragraph clearly states that *"Any person who violates the provisions of this Article, excluding the provisions of subsection 1 (b), will incur an administrative fault and will be punished with a fine of fifteen (15) dollars for each infraction plus the payment of the toll not paid, corresponding to each infraction."*

85.        Defendants have been fining citizens fifty (50) dollars instead of the fifteen (15) dollars recognized in the law. They have also been doing so without giving them due process as they have repeatedly fined citizens without following the notification process stated in Article 23.08 (C) of the Vehicle and Traffic Law of Puerto Rico, supra.

86.        An actual and justiciable controversy exists between Plaintiff and the Class and Defendants concerning whether Defendants were allowed to charge more for violations than allowed by law.  Furthermore, an actual and justiciable controversy exists between Plaintiff and

the Class and Defendants as to whether Defendants have violated Plaintiff and the Class's due process rights.

87.  This claim for declaratory judgment is brought pursuant to 28 U.S.C. § 2201 *et seq.*, seeking a determination by the Court that: (a) this action may proceed and be maintained as a class action; (b) Defendants may not charge more than $15 for violations; (c) an injunction ordering that Defendants may not charge more than $15 for violations; (d) an award of reasonable attorneys' fees and costs of suit to Plaintiff and the Class is appropriate; and (e) such other and further relief as is necessary and just may be appropriate as well.

<u>**SECOND CAUSE OF ACTION**</u>
**42 U.S.C. Section 1983**
**Violation of the Eighth Amendment of the United States Constitution and Article II**
**Section 11 of The Constitution of the Commonwealth of Puerto Rico**

88.  Plaintiffs re-alleges and incorporates by reference the allegations contained in all previous paragraphs above as if fully set forth herein.

89.  Defendants are operating under the authority of the government when they collect tolls, fees and civil penalties for themselves. Defendants keep such monies for their own use.

90.  The enforcement of the civil penalty assessment discussed above constitutes a violation of the United States Constitution's Eighth Amendment and The Constitution of the Commonwealth of Puerto Rico (Article Two, Section Eleven) protection against excessive fines.

91.  Plaintiffs and members of the Class were assessed enormous fines and penalties that bear no relationship to the harm caused and, as a result, those fines and penalties are unconstitutional.

92.  Defendants impose these penalties in order to maximize their profit.

93.  As a direct result of Defendants' acts and omissions, that were performed under the authority of the Commonwealth of Puerto Rico, Plaintiff and members of the Class have suffered damages, and/or entitled to restitution, in an amount to be proven at trial.

94.     Pursuant to 42 U.S.C. § 1988, Plaintiffs further seek costs and attorney's fees incurred as a result of this lawsuit.

**THIRD CAUSE OF ACTION**
**42 U.S.C. Section 1983**
**Violation of Procedural Due Process Under the United States Constitution and Article II Section 7 of The Constitution of the Commonwealth of Puerto Rico**

95.     Plaintiffs re-alleges and incorporates by reference the allegations contained in all previous paragraphs above as if fully set forth herein.

96.     Defendants are operating under the authority of the government when they collect tolls, fees and civil penalties for themselves. Defendants keep such monies for their own use.

97.     The scheme described above violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and violates the Constitution of the Commonwealth of Puerto Rico for the following reasons, among others:

98.     Defendants impose fees and penalties for multiple violations on class members who do not know and could not reasonably know that they have incurred multiple violations;

99.     Before notice is given, drivers may have passed through the toll road dozens of times, unknowingly racking up hundreds or thousands of dollars in penalties and fees;

100.     Defendants do not provide adequate notice of violations before charging fees and penalties for further violations;

101.     There is no adequate opportunity to be heard on the amount of the civil penalty and fees;

102.     The penalties and fees are so excessive that class members do not have fair notice that they will be imposed; and

103.     The penalties and fees bear no reasonable relation to the amount of the toll or the costs to the state or to Defendants of collecting the toll.

104.    The deprivation of the rights of Plaintiffs and members of the Class as described above were a proximate result of the policies, procedures, practices, and/or customs maintained by the Commonwealth of Puerto Rico and Defendants.

105.    As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff and members of Class have suffered damages, and/or are entitled to restitution, in an amount to be proven at trial.

106.    Plaintiffs and members of the Class seek injunctive relief to stop Defendants' unlawful policies, procedures, practices and/or customs described above.

107.    Pursuant to 42 U.S.C. § 1988, Plaintiffs further seek costs and attorney's fees incurred as a result of this lawsuit.

## FOURTH CAUSE OF ACTION
### U.S.C. Section 1983
### Violation of Substantive Due Process

108.    Plaintiffs re-alleges and incorporates by reference the allegations contained in all previous paragraphs above as if fully set forth herein.

109.    Plaintiffs and the Class members are entitled to, *inter alia,* use toll roads and may be assessed tolls and reasonable administrative fees and civil penalties where appropriate.

110.    Puerto Rico law specifically governs the fees and penalties Defendants may charge, as well as the time period for bringing suit for such fees and penalties.

111.    The AutoExpreso contract does not authorize Defendants to charge excessive and unreasonable fees and civil penalties.

112.    Defendants charged fees and penalties outside of and contrary to Puerto Rico law and contrary to Plaintiff's contracts.

113.    Defendants sought to collect those fees on Defendants behalf an on behalf of the state.

114.     Defendants acting under color of Commonwealth law and with authority delegated by the Commonwealth have acted unreasonably, arbitrarily and irrationally in seeking fees, penalties, and expenses unrelated to Defendants' actual expenses.

115.     Defendants under color of Commonwealth law and with authority delegated by the state have acted unreasonably, arbitrarily and irrationally in seeking to impose excessive fees and penalties on Plaintiff and Class.

116.     Plaintiffs and members of the Class have sustained damages as a result of the Defendants' constitutional violations.

### FIFTH CAUSE OF ACTION
**Unjust Enrichment**

117.     Plaintiffs re-alleges and incorporates by reference the allegations contained in all previous paragraphs above as if fully set forth herein.

118.     Plaintiffs and Class members conferred a tangible economic benefit upon Defendants by utilizing the highways and tolls and by being fined a larger amount than what the law states.

119.     As a direct and proximate result of Defendants' misconduct as set forth above, Defendants have been unjustly enriched at the expense of Plaintiffs and Class members.

120.     Because of its wrongful acts and omissions, Defendants fined a higher fine to citizens, therefore making the gained obtained by the defendants beneficial for them.

121.     It would be inequitable for Defendants to retain the profits, obtained by its wrongful conduct in fining citizens an amount that is not specified in the law.

122.     Plaintiffs, on behalf of themselves and Class members, seek restitution from Defendants, and an order of this Court disgorging all profits and benefits obtained by Defendants from the wrongful conduct.

123.     The Defendants' acts and omissions as well as their failure to use reasonable care in this matter as alleged in this complaint, including but not limited to knowing that the correct amount to fine was already established as fifteen (15) dollars in the law.

124.     The Defendants' unconscionable, unfair, and deceptive acts and practices set forth in this complaint are likely and foreseeable to mislead Plaintiff and members of the Class to act misguided and to their detriment, while relying on Defendants' acts and practices.

125.     The Defendants' business practice, in its illegal fining of citizens, is immoral, unethical, oppressive, or unscrupulous, and/or is substantially injurious and caused actual damages to consumers.

126.     As a direct and proximate cause of Defendants' violations of various applicable laws and constitutional rights, Plaintiffs and Class Members have incurred harm and damages as described herein, and are entitled to recover for those damages, including but not limited to, actual damages, costs, and attorneys' fees.

127.     Through its unfair acts and practices, Defendants have improperly obtained money from Plaintiff and members of the Class. As such, Plaintiffs requests that Defendants restore this money to Plaintiffs and all Class Members. Otherwise, Plaintiffs, the Class, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## SIXTH CAUSE OF ACTION
**Tortious Interference with Contract**

128.     Plaintiffs re-alleges and incorporates by reference the allegations contained in all previous paragraphs above as if fully set forth herein.

129.     Plaintiffs and Defendants have contracted for toll road services.

130.     As part of that contract, Plaintiffs and the Class members are entitled to, *inter alia,* use toll roads and may be assessed tolls and reasonable administrative fees and civil penalties where appropriate.

131.      At all times, Defendants were aware of the existence of the Terms and Conditions between on the one hand Plaintiffs and Class and, on the other hand, Defendants, because

Defendants' business model for operating tolls assumes the existence of AutoExpreso users with AutoExpreso tag.

132.    Defendants tortiously interfered with this contractual relationship and prevented Plaintiff and Class members from obtaining the full benefits of this contractual relationship.

133.    The contract nowhere authorizes Defendants to charge excessive and unreasonable administrative fees and civil penalties.

134.    Defendants charged fees and penalties contrary to Puerto Rico's law and contrary to Plaintiff's contracts.

135.    Defendants sought to collect those fees on each other's behalf.

136.    Therefore, Defendants tortiously interfered with the performance of the contract.

137.    As a direct, proximate, and foreseeable result of Defendants' tortious interference with Plaintiffs and the Class members' have been legally injured and sustained damages by not receiving the full benefit of their contractual bargain.

138.    Plaintiffs and members of the Class have performed all, or substantially all, of the obligations imposed on them under the Terms and Conditions.

139.    Plaintiffs and members of the Class have sustained damages as a result of Defendants' tortious interference with the Terms and Conditions.

<u>**SEVENTH CAUSE OF ACTION**</u>
**Breach of Contract**

140.    Plaintiffs re-alleges and incorporates by reference the allegations contained in all previous paragraphs above as if fully set forth herein.

141.    Plaintiffs and Defendants have contracted for toll road services.

142.    As part of that contract, Plaintiff and the Class members are entitled to, *inter alia*, use toll roads and may be assessed tolls and reasonable administrative fees and civil penalties where appropriate.

143.    The contract nowhere authorizes Defendants to charge excessive and unreasonable administrative fees and civil penalties.

144.    Defendants charged fees and penalties contrary to Puerto Rico's law and contrary to Plaintiff's contracts.

145.    As a direct, proximate, and foreseeable result of Defendants' Breach of Contract Plaintiffs and the Class members' have been legally injured and sustained damages by not receiving the full benefit of their contractual bargain.

146.    Plaintiffs and members of the Class have performed all, or substantially all, of the obligations imposed on them under the Terms and Conditions.

147.    Plaintiffs and members of the Class have sustained damages as a result of Defendants' Breach of Contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Classes defined herein, by the undersigned attorney, prays for judgment as follows:

A.    Declaring Defendants' fee and penalty policies and practices and collection methods to be wrongful, unfair and unconscionable and enjoining any such future collections;

B.    Awarding restitution of unconstitutional fees and penalties paid to Defendants, and other appropriate declaratory and/or injunctive relief, as a result of the wrongs alleged herein in an amount to be determined at trial;

C.    Awarding disgorgement of the ill-gotten derived by Defendants from their misconduct, which upon belief exceeds $5,000,000;

D.    Awarding actual damages in an amount according to proof;

E.    Awarding punitive, treble, statutory and exemplary damages;

F.    Awarding pre-judgment interest at the maximum rate permitted by applicable law;

G.    Awarding costs and disbursement incurred by Plaintiff and the Class in connection with this action, including reasonable attorney's fees pursuant to applicable law; and

H.    Awarding such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demands a jury trial on all causes of actions so triable.

In San Juan, Puerto Rico, this 30th day of August, 2018.

Respectfully submitted,

**S/ FRANCISCO E. COLON RAMIREZ**
FRANCISCO E. COLON RAMIREZ
BAR NO.: 210510
E-mail: fecolon@colonramirez.com
**COLON RAMIREZ, LLC**
PO Box 361920
San Juan, PR 00936-1920
Tel: 888-760-1077
Fax: 305-507-1920

**KEITH ALTMAN**
(*pro hac vice* to be applied for)
**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, MI 48033
(516)456-5885
kaltman@excololaw.com

**ARI KRESCH**
(*pro hac vice* to be applied for)
**1-800-LAW-FIRM**
26700 Lahser Road, Suite 400
Southfield, MI 48033
1-800-LAW-FIRM
akresch@1800lawfirm.com

**Attorneys for Plaintiff and the Class**